## J. H. SHERMAN v. THE CITY OF NEW ORLEANS.

Where, during the late civil war, the military authorities seized a lot of lumber, and turned the same over to the Surveyor of the City of New Orleans, who used the same for repairing the wharves :
*Held* :—That the party from whom the lumber was seized, can recover the value thereof from the City of New Orleans, it appearing that the seizure in the first instance was without authority of law.

The object of pleading is to notify the adverse party of the nature of the claim or defence, that he may be prepared to rebut it, and not be surprised. It is only where, from the pleadings or proceedings before the trial, the opposite party has sufficient notice of the nature of the demand or defence to be advanced, and could not be surprised, that evidence is admissible, although the allegations be indefinite and informal.

A party must be informed by the pleadings of the intended attack to be made on his title, that he may be prepared for his defence.

Where a defendant resists the right of the plaintiff to recover the value of property, on the ground that the title of the property in contest is in a third person, the defence must be specially set up in the answer. Evidence going to establish such a defence cannot be given under a general denial.

APPEAL from the Sixth District Court of New Orleans, *Leaumont*, J. *T. H. Hewes*, for appellant. *Holland & Buer*, for appellee.

ILSLEY, J. The plaintiff claims from the defendant the sum of fourteen hundred and fifty-two dollars, the value of a quantity of ship timber belonging to him, and taken by the City Surveyor on the 24th of December, 1864, at the Bayou St. John, under a military order, for the use and benefit of the city, and therefore actually used for repairing wharves and for other public works.

These facts being established by the plaintiff, is he entitled to a judgment? If he is not, it is because he has no cause of action against the city; because his action is barred by the prescription of one year, as the defendant contends, and because evidence important for the defence was shut out in the Court below.

The exceptions, that there was no cause of action, and of prescription, were properly overruled.

It is a matter of history that, at the time the timber was taken for the use of the city, its affairs · were under the exclusive control of the United States military authorities, who, it is well known, paid (in their management) but little regard to municipal regulations and ordinances, and any deviation from such regulations and ordinances, in appropriating for the city use, the property of citizens, cannot deprive them of the right of claiming judicially the value of such property.

As to the prescription of one year, the plea is untenable, even if the action was one ex delicto, for it is shown that the timber was taken by the City Surveyor, on the 24th of December, 1864, and citation and process in this suit was duly served on the 22d of December, 1865, less than one year afterwards.

A bill of exceptions was tendered by the defendant, and allowed, to the refusal of the judge to receive the evidence of a witness to prove that the timber sued for, previous to its being taken for the city, had been sent to the Bayou St. John, for the purpose of constructing therewith gunboats, for the use of the Confederate Government, in consequence of which it had become a lawful prize of war to the United States. This evidence was not received, because the answer was merely a general denial, and that, to let in the proof of such a fact, it should have been specially alleged.

We think that, in fairness, this ownership of the timber by the United States should have been specially stated in the answer, so as to give the plaintiff notice that he might be prepared to meet it.

This is the practice adopted in petitory actions (see *Williams et al.* v. *Riddle*, 10 Rob., 510); and, on principle, we think it should be adopted in cases like the present one. In the case of *Wells* v. *St. Dozier*, 9 An., the Court said : "The rule is that a party cannot be permitted to prove what he has not alleged. If the defendant intended to rely on a purchase from Pearson as the ostensible owner, he should have pleaded it in his answer. The general issue reduces the controversy between the parties to the question of the truth or falsity of the plaintiff's allegations and the legal effect of the facts when proved. In the case of *Clark* v. *The State Bank of Alabama*, 3 An. 326, the Court observed, that a party must be informed by the pleadings of the intended attack to be made on his title, that he may be prepared for his defence.

No such notice was given by the pleadings, and the Judge did not, in the opinion of the Court, err in refusing the evidence.

It has been held by this Court, that the object of pleading is to notify

the adverse party of the nature of the claim or defence, that he may be prepared to rebut it, and not be surprised. It is only where, from the pleadings or proceedings before the trial, the opposite party has sufficient notice of the nature of the demand or defence to be advanced, and could not be surprised, that evidence is admissible, although the allegations be indefinite and informal.

We think the plaintiff has proved his demand, and that the law is with him.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, at the costs of the appellant.